## Ex parte HIXON.

[PETITION FOR DISCHARGE UNDER HABEAS CORPUS.]

1. *Criminal jurisdiction of justice of the peace.*—Under section 384 of the Penal Code, (Revised Code, § 3932,) a justice of the peace has jurisdic- tion of larceny, concurrently with the circuit court, where the value of the stolen property is less than ten dollars; and this jurisdiction is not taken away, or affected, by the acts approved respectively on the 7th December, 1866, and the 31st January, 1867, (Session Acts, 1866-7, pp. 115, 306,) which repealed the two acts approved on the 20th January, 1866, (Session Acts, 1865-6, pp. 118, 119,) conferring jurisdiction in criminal cases on justices of the peace, and regulating proceedings be- fore them.

APPLICATION by Joe Hixon, a freedman, for the writ of *habeas corpus,* to revise the decision of the Hon. P. G. Wood, presiding in the city court of Selma, who refused to dis- charge the petitioner from imprisonment in the county jail of Dallas, under a sentence imposed by a justice of the peace on a conviction of larceny.

GEO. W. GAYLE, for the petitioner.

JOHN W. A. SANFORD, Attorney-General, *contra.*

A. J. WALKER, C. J.—The petitioner was convicted before a justice of the peace, of larceny of a chattel, of value less than ten dollars; and, being imprisoned under that conviction, claims his discharge, upon the ground that the justice had no jurisdiction.

By virtue of the constitution, (art. 1, § 9,) the legislature has power to dispense with a grand jury, and authorize prosecutions for larceny, and other misdemeanors, before justices of the peace. Having this power, the general as- sembly, by act of 20th January, 1866, (Pamph. Acts, p. 119,) enacted, that justices of the peace might take cogni- zance of, and try, all cases of misdemeanor, except cases of gaming, and violations of the revenue laws. On the

same day, a statute was adopted, to regulate proceedings for misdemeanors before justices.—Pamphlet Acts, p. 118. On the 7th of December, 1866, (Pamphlet Acts, 115,) the former of those statutes was expressly repealed; and on the 31st January, 1867, (Pamphlet Acts, 306,) the latter was expressly repealed. Intermediately between the adoption and repeal of those two statutes, and on the 23d February, 1866, the Penal Code was adopted; and it went into force on the 1st day of June, 1866. Section 384 of the Penal Code gives justices of the peace, concurrently with the county court, jurisdiction of certain specified misdemeanors; among which is larceny, when the subject of theft should be of less value than ten dollars.—Revised Code, § 3932. This section of the Penal Code was materially different from the act of 20th January, 1866, in this, that it gave jurisdiction only in certain specified misdemeanors, of minor importance, while the act of 20th January, 1866, gave jurisdiction of misdemeanors without restriction, except in two classes of cases. Therefore, the specific repeal of the latter act, and of the act regulating proceedings under it, was not a repeal of the section of the Penal Code, and it remains of force. The fact that the repealing acts of 7th December, 1866, and of 31st January, 1867, overlook the provision of the Penal Code, while they repeal the pre-existing statutes, indicates an express design to leave the Penal Code upon the subject unaffected. It is probable that those repealing statutes had their origin in the apprehension, that the acts of 20th January, 1866, were not repealed by the conflicting provisions of the Penal Code. We conclude, that the justice's jurisdiction, as given by the Penal Code, is not repealed and therefore the petitioner, upon the facts before us, is not entitled to his discharge during the period prescribed in the justice's sentence.